**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4778**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN DEWAYNE JUSTICE, a/k/a Steven "Red" Justice,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:10-cr-00028-JPJ-PMS-3)

Submitted: March 26, 2019                    Decided: April 19, 2019

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Dewayne Justice appeals from the district court's order revoking his supervised release and imposing an 18-month term of imprisonment. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Although informed of his right to file a supplemental brief, Justice has not done so.

Justice pled guilty in 2012 to multiple drug and firearms offenses and was sentenced to concurrent terms of 110 months' imprisonment, followed by three years of supervised release. In 2015, the district court reduced Justice's sentence to 92 months on each count, to run concurrently. He began serving his supervised release term in December 2016. In March 2018, a petition to revoke Justice's supervised release was filed, citing numerous violations of the conditions of his release. Justice admitted all but one of the alleged violations

Based on a Grade C violation and a criminal history category of VI, Justice's policy statement range was 10 to 14 months' imprisonment. *See* U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2016). The court imposed an above-Guidelines sentence of 18 months' imprisonment on each count, to run concurrently, followed by three years of supervised release. Justice noted a timely appeal.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012).

2

Because Justice admitted to the alleged violations, we find that the district court did not abuse its discretion in revoking his supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [we] must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness

3

of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A, intro. cmt. (3)(b). According to 18 U.S.C. § 3583(e) (governing supervised release revocations), the court also must consider some of the specific factors enumerated under 18 U.S.C. § 3553(a), although the court is not permitted to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not rely "predominately" on the § 3553(a)(2)(A) factors in selecting a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Here, the district court accepted Justice's policy statement range of 10 to 14 months' imprisonment. The court adequately explained the higher sentence after considering the Chapter Seven policy statements and the applicable § 3553(a) factors and provided a proper basis for concluding that Justice should receive the statutory maximum sentence of 18 months. Accordingly, we find that Justice's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Justice's supervised release and the sentence imposed. This court requires that counsel

4

inform Justice, in writing, of the right to petition the Supreme Court of the United States for further review. If Justice requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Justice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*